UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

ARIE SHEER                                    :   06 CV    4995

        Plaintiff,                       :   No. 06 CV

        -against-                            :   **JUDGE CROTTY**

                                             :   <u>**NOTICE OF REMOVAL**</u>

ISRAEL DISCOUNT BANK OF NEW YORK              :

        Defendant                        :

--------------------------------------------------------------X

      Defendant, Israel Discount Bank of New York ("IDBNY"), by its attorneys, Troutman

Sanders LLP, files this notice to remove this action to the United States District Court for the

Southern District of New York and states as follows:

      1.     IDBNY is the only named defendant in the above entitled civil action which was

filed by plaintiff, Arie Sheer, in the Supreme Court of the State of New York, County of New

York, Index No. 06-601915, on May 31, 2006. Mr. Sheer served the Summons and Complaint in

the above entitled action, copies of which are annexed hereto as Exhibit "A", upon IDBNY on

June 1, 2006. No further proceedings have been had in this action.

      2.     Pursuant to 28 U.S.C. §1446(b), this Notice of Removal has been filed within

thirty days after receipt of the Summons and Complaint by IDBNY.

      3.     This Court has original jurisdiction over the above entitled action pursuant to 28

U.S.C. §1331 on the grounds that Plaintiff's first cause of action for breach of contract is

dependent upon and constitutes a claim for severance benefits pursuant to plans established and

maintained by IDBNY in accordance with the Employee Retirement Income Security Act

(ERISA), 29 U.S.C. §1132, *et seq.*

4.    Accordingly, the above entitled action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

5.    IDBNY removes the State Court action to this Court without waiver of any defenses, procedural or substantive, that may be available and without waiver of any claims that IDBNY may have with respect to the matters alleged in the Complaint.

WHEREFORE, defendant IDBNY respectfully requests that this Court assume full jurisdiction of this cause as if it had been originally filed here and that further proceedings in the State Court action be stayed.

Dated: New York, New York
      June 28, 2006

Respectfully submitted,

TROUTMAN SANDERS LLP

By:    _Aurora Cassirer_
      Aurora Cassirer (AC-3763)
      Scott B. Feldman (SF-0918)
      Attorneys for Defendant
      The Chrysler Building
      405 Lexington Avenue
      New York, New York 10174
      (212) 704-6114

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

ARIE SHEER                                          :   **06 CV     4995**
                                                        No. 06 CV

               Plaintiff,                           :       **JUDGE CROTTY**

          -against-                                 :       **NOTICE OF REMOVAL**

                                                    :

ISRAEL DISCOUNT BANK OF NEW YORK                    :

               Defendant                            :
--------------------------------------------------------------X

          Defendant, Israel Discount Bank of New York ("IDBNY"), by its attorneys, Troutman

Sanders LLP, files this notice to remove this action to the United States District Court for the

Southern District of New York and states as follows:

          1.        IDBNY is the only named defendant in the above entitled civil action which was

filed by plaintiff, Arie Sheer, in the Supreme Court of the State of New York, County of New

York, Index No. 06-601915, on May 31, 2006.  Mr. Sheer served the Summons and Complaint in

the above entitled action, copies of which are annexed hereto as Exhibit "A", upon IDBNY on

June 1, 2006.  No further proceedings have been had in this action.

          2.        Pursuant to 28 U.S.C. §1446(b), this Notice of Removal has been filed within

thirty days after receipt of the Summons and Complaint by IDBNY.

          3.        This Court has original jurisdiction over the above entitled action pursuant to 28

U.S.C. §1331 on the grounds that Plaintiff's first cause of action for breach of contract is

dependent upon and constitutes a claim for severance benefits pursuant to plans established and

maintained by IDBNY in accordance with the Employee Retirement Income Security Act

(ERISA), 29 U.S.C. §1132, *et seq.*

4.      Accordingly, the above entitled action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

5.      IDBNY removes the State Court action to this Court without waiver of any defenses, procedural or substantive, that may be available and without waiver of any claims that IDBNY may have with respect to the matters alleged in the Complaint.

WHEREFORE, defendant IDBNY respectfully requests that this Court assume full jurisdiction of this cause as if it had been originally filed here and that further proceedings in the State Court action be stayed.

Dated: New York, New York
       June 28, 2006

Respectfully submitted,

TROUTMAN SANDERS LLP

By:     _Aurora Cassirer_
        Aurora Cassirer (AC-3763)
        Scott B. Feldman (SF-0918)
        Attorneys for Defendant
        The Chrysler Building
        405 Lexington Avenue
        New York, New York 10174
        (212) 704-6114

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARIE SHEER                                        :   No. 06 CV **06 CV   4995**

      Plaintiff,

                           :   **JUDGE CROTTY**

      -against-                                 :   **<u>NOTICE OF REMOVAL</u>**

                           :

ISRAEL DISCOUNT BANK OF NEW YORK    :

      Defendant                                  :
------------------------------------------------------------X

*RECEIVED / JUN 28 2006 / U.S.D.C. S.D. N.Y. / CASHIERS*

      Defendant, Israel Discount Bank of New York ("IDBNY"), by its attorneys, Troutman

Sanders LLP, files this notice to remove this action to the United States District Court for the

Southern District of New York and states as follows:

      1.      IDBNY is the only named defendant in the above entitled civil action which was

filed by plaintiff, Arie Sheer, in the Supreme Court of the State of New York, County of New

York, Index No. 06-601915, on May 31, 2006.  Mr. Sheer served the Summons and Complaint in

the above entitled action, copies of which are annexed hereto as Exhibit "A", upon IDBNY on

June 1, 2006.  No further proceedings have been had in this action.

      2.      Pursuant to 28 U.S.C. §1446(b), this Notice of Removal has been filed within

thirty days after receipt of the Summons and Complaint by IDBNY.

      3.      This Court has original jurisdiction over the above entitled action pursuant to 28

U.S.C. §1331 on the grounds that Plaintiff's first cause of action for breach of contract is

dependent upon and constitutes a claim for severance benefits pursuant to plans established and

maintained by IDBNY in accordance with the Employee Retirement Income Security Act

(ERISA), 29 U.S.C. §1132, *et seq.*

4.    Accordingly, the above entitled action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

5.    IDBNY removes the State Court action to this Court without waiver of any defenses, procedural or substantive, that may be available and without waiver of any claims that IDBNY may have with respect to the matters alleged in the Complaint.

WHEREFORE, defendant IDBNY respectfully requests that this Court assume full jurisdiction of this cause as if it had been originally filed here and that further proceedings in the State Court action be stayed.

Dated: New York, New York
       June 28, 2006

                              Respectfully submitted,

                              TROUTMAN SANDERS LLP

                      By·     _Aurora Cassirer_
                              Aurora Cassirer (AC-3763)
                              Scott B. Feldman (SF-0918)
                              Attorneys for Defendant
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, New York 10174
                              (212) 704-6114

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK

------------------------------------------------X

ARIE SHEER,

     Plaintiff,

  -against-

ISRAEL DISCOUNT BANK OF NEW YORK,

     Defendant.

------------------------------------------------X

NEW YORK
COUNTY CLERK'S OFFICE

MAY 31 2006

NOT COMPARED
WITH COPY FILED

Index. No.
06|601915

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on plaintiff's attorneys, WOLLMUTH MAHER & DEUTSCH LLP, 500 Fifth Avenue, New York, New York 10110, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue designated is the residence of plaintiff and place where the cause of action arose.

Dated: May 31, 2006
       New York, New York

                          WOLLMUTH MAHER & DEUTSCH LLP

                          By: _____
                              William A. Maher
                              William F. Dahill
                              Richard Vuernick

                          500 Fifth Avenue
                          New York, New York 10110
                          (212) 382-3300

                          Attorneys for Plaintiff Arie Sheer

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x

ARIE SHEER,

                  Plaintiff,

       -against-

ISRAEL DISCOUNT BANK OF NEW YORK,

                  Defendant.

---------------------------------------------------------------- x

NEW YORK
COUNTY CLERK'S OFFICE

MAY 3'1 2006

NOT COMPARED
WITH COPY FILED

Index No. 06 | 601915

COMPLAINT

      Plaintiff Arie Sheer ("Sheer" or "plaintiff") by his attorneys, Wollmuth Maher &

Deutsch LLP, for his Complaint against defendant Israel Discount Bank of New York ("IDBNY"

or "defendant"), alleges upon knowledge as to his own acts and upon information and belief as to

all other matters as follows:

## NATURE OF ACTION

      1.     This is an action for breach of contract and for violations of the New York

State and New York City anti-discrimination laws arising from the unlawful termination of

plaintiff Sheer's employment as President and Chief Executive Officer of defendant IDBNY.

## JURISDICTION

      2.     This Court has personal jurisdiction over IDBNY pursuant to CPLR §301.

As alleged more fully below, IDBNY, acting through its employees and agents, has engaged in

wrongful activities within the State of New York.  IDBNY maintains its principal place of

business within the State of New York.  The claims sued upon arise out of IDBNY's forum-

related activities directed towards Sheer in New York.

3.     On May 31, 2006, prior to the commencement of this action, plaintiff served a copy of the Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, in accordance with New York City Administrative Code §8-502(c).

## PARTIES

4.     Plaintiff Sheer was, at all relevant times, and is a resident of New York County. Until terminated by IDBNY, Sheer was President and Chief Executive Officer of defendant IDBNY.

5.     Defendant IDBNY was, at all relevant times, and is a banking corporation organized under the laws of the State of New York with a principal place of business located at 511 Fifth Avenue, New York, New York 10017.

## FACTUAL BACKGROUND

### IDBNY Hires Sheer And Its Revenues Grow

6.     On or about June 1, 1996, IDBNY hired Sheer to serve as its President and Chief Executive Officer, and the parties executed an Employment Agreement with respect to the employment arrangement.

7.     From the time Sheer commenced his employment to the date of his termination, IDBNY's revenues grew significantly and IDBNY turned a profit in each of the years for which Sheer served IDBNY as its President and Chief Executive Officer.

**IDBNY Rewards Sheer's Efforts With Increased Compensation**

8.      In 2001, at a meeting of the Board of Directors of IDBNY ("the Board"), the Board adopted a resolution approving an increased payment to Sheer pursuant to IDBNY's Supplemental Executive Retirement Plan.

9.      In 2002, at a meeting of the Board, the Board adopted a resolution approving a supplement to Sheer's Employment Agreement with IDBNY.  The supplement provided additional compensation and benefits to Sheer in the event of a change in control of IDBNY.

10.     During his term of employment with IDBNY, Sheer received regular increases in salary and bonuses.

**IDBNY Receives A Purchase Offer – A Potential Change of Control**

11.     In the latter half of 2005, certain investors made an offer to purchase IDBNY and/or its parent corporation.

**IDBNY Attempts to Quickly Settle Money Laundering Allegations**

12.     In the latter half of 2005, IDBNY also learned that it was a target of a money laundering investigation that the New York County District Attorney's Office had been conducting.  IDBNY was one of several financial institutions to receive notice that the New York County District Attorney's Office was investigating its anti-money laundering practices relating to a specific set of individuals.

13.     IDBNY and the group of investors negotiating to purchase IDBNY sought an immediate resolution of any and all law enforcement and regulatory investigations and

3

inquiries, including the aforementioned investigation of the New York County District Attorney's Office.

14.    In an effort to conclude any regulatory action against it prior to the pending sale, on or about December 15, 2005, the Board authorized IDBNY to enter into Cease and Desist Orders (hereinafter the "Orders") with the Federal Deposit Insurance Corporation, the New York State Banking Department and the New York County District Attorney's Office.  The Board further authorized IDBNY to waive its right to a hearing and to waive its right to receive all three of the regulatory bodies' findings of fact and conclusions of law.  The Board also authorized IDBNY to pay a civil penalty of $25 million to settle the allegations and to enter into a Cooperation Agreement with the New York County District Attorney's Office.

15.    On or about December 15, 2005, IDBNY acknowledged that it would be bound by the terms of its Agreements with the regulators following any change of control.  Indeed, the correspondence between the purchasing group and the New York State Banking Department of Banking makes clear that IDBNY's acknowledgement of the Cooperation Agreement was a condition of the state's approval of the sale of IDBNY.

## Sheer Becomes Ill and Is Unable to Work

16.    In late October 2005, Sheer sought medical care for severe clinical depression.  He was hospitalized and received treatment and provided notice to IDBNY that he was ill and could not return to work immediately.

## Sheer Returns to IDBNY Ready to Resume His Employment

17.     In early January 2006, Sheer appeared at the offices of IDBNY to resume his term of employment with IDBNY and to attend a Board meeting.  Without providing Sheer with a reason, IDBNY presented Sheer with two options concerning his employment status: either Sheer could go on paid administrative leave or he would be immediately terminated.

## IDBNY Places Sheer On Leave

18.     On Sunday, January 8, 2006, IDBNY's lawyers delivered a letter to Sheer at his residence in which IDBNY set forth the terms of Sheer's administrative leave including, inter alia, that Sheer: (a) agree not to enter IDBNY's premises or access its technological information systems; (b) agree not to have contact with IDBNY's employees or customers; and (c) agree to cooperate with any investigation IDBNY would undertake as a result of the settlement into which it entered with the bank regulators.  The letter requested that Sheer agree to the terms by affixing his signature to it by the close of business the next day, Monday, January 9, 2006, without clarification or explanation as to the full force and effect of the letter's terms.

19.     On January 9, 2006, Sheer retained legal counsel who that day sent a letter to IDBNY's counsel requesting that IDBNY provide Sheer's counsel with documents relating to Sheer's employment in order to more fairly respond to and to evaluate the proposals set forth in IDBNY's coercive January 8, 2006 letter.

20.     On January 10, 2006, IDBNY's counsel sent correspondence to Sheer's counsel but did not enclose any documents necessary for Sheer to determine why IDBNY was pursuing the course of action it was pursuing or to understand any of Sheer's rights vis-à-vis his employer of nearly ten years.  Instead, IDBNY's counsel reiterated its request that Sheer accept

the terms and conditions set forth in its January 8, 2006 letter and stated that if Sheer did not execute the enclosed copy of the January 8, 2006 letter by the close of business on January 11, 2006, Sheer's employment with IDBNY would automatically terminate, purportedly for "cause."

21.    On January 11, 2006, Sheer's counsel returned the January 8 letter to IDBNY's counsel, which expressly had been signed by Sheer "under protest." Sheer's counsel stated that he had not received any explanation for IDBNY's actions and that IDBNY confirmed that, to its knowledge, Sheer was not a target of a criminal investigation. As such, IDBNY's threat to terminate Sheer for "cause" was wholly improper.

22.    On February 14, 2006, IDBNY's counsel confirmed that, to its knowledge, neither Sheer nor any other of IDBNY's officers are a target or a subject of any criminal investigation examining IDBNY's anti-money laundering policies and practices.

23.    On February 16, 2006, Sheer's counsel received a request from an entity IDBNY retained to undertake an investigation in compliance with the Orders into which it entered with the various federal, state and city regulators and law enforcement bodies (the "Investigation Firm"), for Sheer to sit for an interview.

24.    Also on February 16, 2006, one of IDBNY's representatives contacted Sheer's counsel and informed counsel that IDBNY had placed Sheer's personal belongings into fourteen (14) boxes – belongings which were found within Sheer's office with IDBNY. IDBNY's representative inquired what Sheer wanted done with the personal belongings IDBNY had summarily removed from Sheer's office of nearly ten years.

25.    On February 17, 2006, Sheer's counsel informed a representative from the Investigation Firm that, due to medical reasons, Sheer would be unable to participate in an interview at that time.

6

26.   On February 22, 2006, IDBNY's counsel sent a letter to Sheer's counsel requesting Sheer's cooperation with the investigation of the Investigation Firm due to the fact that the investigation was a "time-sensitive matter for IDBNY." IDBNY's counsel did explain why the matter was time sensitive.

**IDBNY Change of Control**

27.   In or about February 2006, an investor group consummated its purchase of IDBNY and/or its parent corporation, thereby effecting a change of control of IDBNY.

**The Israeli Press Reports That IDBNY Had Replaced Sheer**

28.   On or about March 3, 2006, the Israeli press reported that Reuven Spiegel was IDBNY's new President and Chief Executive Officer. An individual who answered the telephone in Sheer's former office at IDBNY on March 3, 2006 indicated that it was Reuven Spiegel's office.

**Sheer Demands Severance Payments From IDBNY and**
**IDBNY Responds By Terminating Sheer, Purportedly For "Cause"**

29.   On March 6, 2006, Sheer's counsel wrote to IDBNY's counsel requesting, inter alia, that severance benefits be paid to Sheer due to (i) IDBNY's hiring of Reuven Spiegel to replace Sheer as President of IDBNY, and (ii) IDBNY's change of control.

30.   On March 10, 2006, IDBNY's counsel sent correspondence to Sheer's counsel, enclosing copies of two letters IDBNY's Board chairman had written to Sheer dated March 9, 2006, one of which purported to terminate Sheer "for cause." IDBNY's counsel's letter stated that, at a February 23, 2006 Board meeting, the Board had authorized the "for cause"

termination of Sheer, but also had authorized IDBNY to amicably resolve Sheer's separation from IDBNY.  No explanation was provided for the two-week delay in notification to Sheer of the Board's February 23, 2006 decision.

**IDBNY Continues To Withhold Documents**
**Regarding Sheer's Employment and Severance Benefits**

31.    Although Sheer's counsel repeatedly had been requesting since early January 2006 that IDBNY provide him with all documents relating to Sheer's employment and severance benefits, the only document that IDBNY had forwarded in approximately three months was Sheer's Employment Agreement with IDBNY.  Thereafter, from March 10, 2006 until April 21, 2006, IDBNY continued to delay Sheer's receipt of relevant documents to determine severance payments due to Sheer.  Indeed, prior to providing Sheer or his counsel with any documents, IDBNY insisted that Sheer sign a Confidentiality Agreement in order to obtain the documents to which Sheer would be entitled regarding the terms of his employment with IDBNY.

32.    As the foregoing makes clear, IDBNY engaged in a pattern of conduct designed to deprive Sheer of his rights and even to impede his ability to obtain basic documents and information relating to his employment status.

**FIRST CAUSE OF ACTION**
(For Breach of Contract)

33.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32, as though set forth in full herein.

34.     IDBNY and Sheer executed an Employment Agreement which the Board later amended to provide for additional compensation to Sheer in the event of a change in control of IDBNY.

35.     In or about February 2006, there was a change of control of IDBNY. Consequently, Sheer was entitled to the additional compensation the Board agreed to provide Sheer in the event of a change in control.

36.     IDBNY breached its agreements with Sheer.  Specifically, IDBNY terminated Sheer without providing him the compensation and benefits due to him.  As a direct, proximate, and foreseeable result of IDBNY's breach of its contractual obligations to Sheer, Sheer has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (For Disability Discrimination under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107(1)(a))

37.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32, as though set forth in full herein.

38.     IDBNY had knowledge of Sheer's disability and terminated Sheer maliciously.  Sheer was the only person IDBNY terminated without any reason or justification, following Sheer's return to work from his period of hospitalization for his illness.

39.     Sheer has been unable, despite reasonable efforts, to find comparable employment.

40.     As a proximate result of IDBNY's termination of Sheer's employment with IDBNY, IDBNY discriminated against Sheer in violation of the New York City Human Rights Law and caused Sheer a loss of compensation and benefits, and anguish for which he has incurred damages in an amount to be determined at trial.

9

### THIRD CAUSE OF ACTION
(For Disability Discrimination under the New
York State Human Rights Law)

41.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32, as though set forth in full herein.

42.     IDBNY had knowledge of Sheer's disability and terminated Sheer maliciously.  Sheer was the only person defendant terminated without any reason or justification, following Sheer's return to work from his period of hospitalization for his illness.

43.     Sheer has been unable, despite reasonable efforts, to find comparable employment.

44.     As a proximate result of IDBNY's termination of Sheer's employment with IDBNY, IDBNY discriminated against Sheer in violation of the New York Human Rights Law, New York Executive Law and caused Sheer a loss of compensation and benefits, and anguish for which he has incurred damages in an amount to be determined at trial.

WHEREFORE, plaintiff demands judgment against defendant as follows:

(a)     an award of damages in an amount to be determined at trial to compensate plaintiff for breach of contract;

(b)     an award of damages in an amount to be determined at trial to compensate plaintiff for loss of wages, benefits, and promotional opportunities and bonuses, including an award of front pay for loss of future compensation;

(c)     an award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional distress;

(d)     an award of punitive damages;

(e)       an award of interest, the costs and disbursements of this action, together with reasonable attorneys' fees; and

(f)       such other and further relief as to this Court seems just and proper.

Dated: May 31, 2006
        New York, New York

WOLLMUTH MAHER & DEUTSCH LLP

By: _____
        William A. Maher
        William F. Dahill
        Richard Vuernick

500 Fifth Avenue
New York, New York 10110
(212) 382-3300

Attorneys for Plaintiff Arie Sheer

11